# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**                               **Case No. 09-CR-108**

**CARY A. NELSON,**

      **Defendant.**

## ORDER GRANTING DEFENDANT'S REQUEST FOR EVIDENTIARY HEARING

On April 21, 2009, the grand jury returned a single count indictment charging Cary A. Nelson ("Nelson") with possessing two machine guns in violation of Title 26, United States Code, Sections 5861(d) and 5871. (Docket No. 1.) On June 4, 2009, Nelson filed a motion to suppress statements. (Docket No. 7.) In this motion, Nelson's attorney requested an evidentiary hearing and represented that pursuant to Criminal L.R. 12.3, he consulted with the Assistant United States Attorney and the government agreed that an evidentiary hearing was necessary. (Docket No. 7.) In accordance with Rule 12.3, the government has responded and objected to Nelson's request for an evidentiary hearing, contending that Nelson has failed to demonstrate that a hearing is necessary. (Docket No. 9.) Although Rule 12.3 does not provide for such a reply and Nelson has not sought leave of the court to file it, nonetheless, Nelson filed a reply to the government's objection to his request for an evidentiary hearing. (Docket No. 9.) A final pretrial conference is scheduled for July 31, 2009 and a jury trial is scheduled to commence on August 10, 2009 before the Honorable Lynn Adelman.

Nelson contends that an evidentiary hearing is necessary because a there is no indication in the discovery provided that Nelson was provided with his <u>Miranda</u> warnings prior to questioning. (Docket No. 7.) Further, he contends that "he was placed in a position that his will was overborne by the law enforcement officials who interrogated him on March 12, 2009," and thus his statements were involuntary. (Docket No. 7 at 2.) In an affidavit submitted in reply, Nelson contends that he made the statements in question only because a law enforcement officer told him that if he did not, the matter would be sent before a judge and that he was going to jail, but if he signed the statement admitting to intentionally making the machine guns the law enforcement officer would recommend to the United States Attorney's Office that no charges would be issued. (Docket No. 9-2.) Further, Nelson states that based upon the demeanor and statements of law enforcement, he was not free to leave. (Docket No. 9-2.)

The government contends that Nelson was not in custody so as to be entitled to the <u>Miranda</u> warnings. (Docket No. 8.) The government further submits that, even if Nelson was in custody, this does not change anything because the evidence is undisputed that he was advised of his rights and agreed to waive them. (Docket No. 8-4.) Further, this signed waiver of rights explicitly states that "[n]o promises or threats have been made to me, and no pressure or force of any kind has been used against me," and therefore he cannot now contend that his statement was involuntary. (Docket No. 8-4.)

It is well established that defendants are not entitled to evidentiary hearings as a matter of course. <u>United States v. Coleman</u>, 149 F.3d 674, 677 (7th Cir. 1998). Instead, evidentiary hearings are warranted only when the defendant's allegations are definite, non-conjectural, and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact that will affect the outcome of the motion. <u>Id.</u> (citing <u>United States v. Rollins</u>, 862 F.2d 1282 (7th Cir. 1988)).

2

Determinations of custody and voluntariness are fact intensive inquiries that require the court to evaluate the totality of the circumstances. Accordingly, based upon the averments presented in Nelson's affidavit, the court shall grant Nelson's request for an evidentiary hearing. A hearing shall be held in Courtroom 254 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin on **July 8, 2009** at **9:00 AM**. The parties should be prepared to proceed with oral argument immediately following the hearing in lieu of post-hearing briefs.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 22nd day of June 2009.

_____
AARON E. GOODSTEIN
U.S. Magistrate Judge